## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 7 CASE** |
| | ) | |
| **BENJAMIN F. LEE AND** | ) | **Case No. 06 B 03371** |
| **RUBY L. LEE.** | ) | |
| | ) | |
| Debtors. | ) | **HON. SUSAN PIERSON SONDERBY** |

### TRUSTEE'S FINAL REPORT

**To:**   THE HONORABLE BANKRUPTCY JUDGE SUSAN PIERSON SONDERBY

NOW COMES Richard J. Mason, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.      Benjamin F. Lee and Ruby L. Lee (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code (the "Code") on March 31, 2006.  Richard J. Mason was appointed as the Chapter 7 trustee (the "Trustee") on or about March 31, 2006.  The Trustee's case bond is in the amount of $5,000,000.

2.      The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code.  The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge.  The Trustee has not found it advisable to oppose any discharge of the Debtor.  The Trustee certifies that this estate is ready to be closed.  The tasks performed by the Trustee are set forth in Exhibit 1.

3.    The disposition of estate property is set forth in Exhibit 2.  The property

abandoned, or sought to be abandoned, along with the reasons for such abandonment, is

described in Exhibit 2.

4.    A summary of the Trustee's Final Report as of August 31, 2007 is as follows:

| | | |
|---|---|---|
| a. | RECEIPTS (See Exhibit 3) | $15,577.55 |
| b. | DISBURSEMENTS (See Exhibit 3) | $0.00 |
| c. | NET CASH available for distribution | $15,577.55 |
| d. | TRUSTEE/PROFESSIONAL COSTS: | |
| | 1. Trustee compensation requested (See Exhibit 5) | $2,307.76 |
| | 2. Trustee Expenses (See Exhibit 5) | $0.00 |
| | 3. Compensation and expenses currently requested by attorney or other professionals for trustee | $1,050.00 |
| e. | Illinois Income Tax for Estate | $0.00 |

5.    The Bar Date for filing unsecured claims expired on February 7, 2007.

6.    All claims filed in this case with the Clerk of the Bankruptcy Court have been

reviewed by the Trustee (See Exhibit 4).  The actual dollar amount of claims allowed and/or

requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative and 28 U.S.C. §1930 claims | $3,087.76 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed Priority Claims | $0.00 |
| e. | Allowed Unsecured Claims | $7,818.62 |

7.    Unsecured creditors will receive a distribution of 100 %.

\4731418.1

8.      Total compensation and expenses previously awarded to Trustee's counsel, accountant or other professional was $0.00.  Trustee's attorney's, accountant's, or other professional's compensation and expenses requested but not yet allowed is $1,050.00.  The total of Chapter 7 professional fees and expenses requested for final allowance is $1,050.00 (See Exhibit 7).  See also Exhibits 6A (i) – (iii) and 6B for Applications for Professional Compensation for the Trustee's Attorneys and Accountants, respectively.

9.      A fee was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of that fee pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b).  The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated: August 31, 2007                          RESPECTFULLY SUBMITTED,


                                                By: /s/  Richard J. Mason
                                                    Richard J. Mason, Trustee

\4731418.1

## TASKS PERFORMED BY TRUSTEE

1.  The Trustee reviewed the Debtor's Schedule of Assets and Liabilities and Statement of Financial Affairs.

2.  The Trustee conducted an examination of the Debtor at the Meeting of Creditors.

3.  The Trustee prepared this Trustee's Final Report.

**EXHIBIT 1**

\4731418.1

# EXHIBIT 2

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 06-03371 SPSA | Trustee: | RICHARD J. MASON (330470) |
|---|---|---|---|
| Case Name: | BENJAMIN F. & RUBY L. LEE | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | Account: | ***_*****84-65 - Money Market Account |
| Taxpayer ID #: | 13-7559618 | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 08/30/07 | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #}/ Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 03/19/07 | {3} | Park National Bank | BANK FUNDS' TURNOVER | 1129-000 | 15,540.75 | | 15,540.75 |
| 03/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 2.76 | | 15,543.51 |
| 04/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 8.57 | | 15,552.08 |
| 05/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 8.58 | | 15,560.66 |
| 06/29/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 8.03 | | 15,568.69 |
| 07/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 8.86 | | 15,577.55 |

|  | | Receipts $ | Disbursements $ |
|---|---|---|---|
| ACCOUNT TOTALS | | 15,577.55 | 0.00 |
| Less: Bank Transfers | | 0.00 | 0.00 |
| **Subtotal** | | **15,577.55** | **0.00** |
| Less: Payments to Debtors | | | 0.00 |
| **NET Receipts / Disbursements** | | **$15,577.55** | **$0.00** |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| MMA # ***_*****84-65 | 15,577.55 | 0.00 | 15,577.55 |
| | $15,577.55 | $0.00 | $15,577.55 |

{} Asset reference(s)

# EXHIBIT 3

# Form 1

## Individual Estate Property Record and Report

### Asset Cases

**Case Number:** 06-03371 SPSA

**Case Name:** BENJAMIN F. & RUBY L. LEE

**Period Ending:** 08/30/07

**Trustee:** (330470)    RICHARD J. MASON

**Filed (f) or Converted (c):** 03/31/06 (f)

**§341(a) Meeting Date:** 05/19/06

**Claims Bar Date:** 02/07/07

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | RESIDENTIAL REAL ESTATE | 216,032.00 | 0.00 | | 0.00 | FA |
| 2 | MS VACANT LOT | 3,000.00 | 3,000.00 | | 0.00 | FA |
| 3 | DEBTORS' BANK ACCOUNTS | 23,400.00 | 15,400.00 | | 15,540.75 | FA |
| 4 | FURNITURE | 6,000.00 | 0.00 | | 0.00 | FA |
| 5 | CLOTHING | 1,000.00 | 0.00 | | 0.00 | FA |
| 6 | PENSION | 2,416.00 | 0.00 | | 0.00 | FA |
| 7 | 1996 CADILLAC SEDAN DE VILLE | 1,000.00 | 0.00 | | 0.00 | FA |
| 8 | 1998 DODGE RAM | 2,000.00 | 0.00 | | 0.00 | FA |
| 9 | 2001 MERCURY SABLE | 9,202.40 | 0.00 | | 0.00 | FA |
| 10 | BOAT | 2,000.00 | 0.00 | | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 36.80 | Unknown |
| 11 | **Assets    Totals (Excluding unknown values)** | **$266,050.40** | **$18,400.00** | | **$15,577.55** | **$0.00** |

**Major Activities Affecting Case Closing:**

Trustee's Final Report.

# Form 1

## Individual Estate Property Record and Report

### Asset Cases

**Case Number:** 06-03371 SPSA

**Case Name:** BENJAMIN F. & RUBY L. LEE

**Period Ending:** 08/30/07

**Trustee:** (330470)    RICHARD J. MASON

**Filed (f) or Converted (c):** 03/31/06 (f)

**§341(a) Meeting Date:** 05/19/06

**Claims Bar Date:** 02/07/07

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|

Initial Projected Date Of Final Report (TFR):   December 31, 2007    Current Projected Date Of Final Report (TFR):   December 31, 2007

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| BENJAMIN F. LEE AND | ) | CASE NO. 06 B 03371 |
| RUBY L. LEE, | | |
| | ) | |
| Debtors. | ) | HON. SUSAN PIERSON SONDERBY |

## PROPOSED DISTRIBUTION REPORT

I, RICHARD J. MASON, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that, based on my review, I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | | |
|---|---|---|
| Secured Claims | $ | 0.00 |
| Chapter 7 Administrative Expenses: | $ | 3,087.76 |
| Chapter 11 Administrative Expenses: | $ | 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ | 0.00 |
| Secured Tax Liens: | $ | 0.00 |
| Priority Tax Claims: | $ | 0.00 |
| Other Priority Claims (507(a)(9)): | $ | 0.00 |
| General Unsecured Claims: | $ | 8,506.57 |
| Surplus To Debtor: | $ | 3,983.22 |
| | | |
| TOTAL AMOUNT TO BE DISTRIBUTED: | $ | 15,577.55 |

**EXHIBIT 4**

DISTRIBUTION REPORTS                                                                    PAGE 2

| 1. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| Secured Claims | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 2. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a) & (B) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | | $3,087.76 | 100% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| N/A | RICHARD J. MASON, Trustee | $2,307.76 | $2,307.76 |
| N/A | MCGUIREWOODS LLP, Attorney for Trustee | $1,050.00 | $1,050.00 |

| 3. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

\4731418.1

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,300.00 | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT (INCLUDING EMPLOYER-PAID TAX) | DIVIDEND AMOUNT (NET OF EMPLOYEE-PAID & EMPLOYER-PAID TAX) |
|---|---|---|---|

| TYPE | ALLOWANCE | DIVIDEND |
|---|---|---|

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Funds | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(5) - Farmers' and Fishermen's claims to the extent of $2,000.00 | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| 507(a)(6) - Deposits by consumers to the extent of $900.00 | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

**TOTAL**

\4731418.1

| 9. | TYPE OF CLAIMS | AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| 507(a)(7) - Alimony | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §724(b) - Tax Liens | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(8) - Tax claims excluding fines and penalties | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

\4731418.1

| 13. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | | $7,818.62 | 100% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| 1 | Regional Acceptance Corporation | $7,818.62 | $7,818.62 |

| 14. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(3) - Late unsecured claims | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 15. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(4) - Fines/penalties | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 16. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(5) - Interest | | $687.95 | 100% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 1 | Regional Acceptance Corproation | $687.95 | $687.95 |

| 17. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
| --- | --- | --- | --- |
| §726(a)(6) - Surplus to Debtor | | $3,983.22 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| --- | --- | --- | --- |
| N/A | Benjamin F. Lee and Ruby L. Lee | $3,983.22 | $3,983.22 |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
| --- | --- | --- | --- | --- |

None

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

Dated: August 31, 2007

By: /s/ Richard J. Mason
RICHARD J. MASON, Trustee

\4731418.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 7 CASE** |
| | ) | |
| **BENJAMIN F. LEE AND** | ) | **CASE NO. 06 B 03371** |
| **RUBY L. LEE,** | ) | |
| | ) | |
| Debtors. | ) | **HON. SUSAN PIERSON SONDERBY** |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:   **Richard J. Mason, Trustee**

Authorized to Provide Professional Services to:   **Estate of Benjamin F. Lee and Ruby L. Lee**

Date of Order Authorizing Employment:   **March 31, 2006**

Period for Which Compensation is Sought:  From **March 31, 2006** through **Close of Case**

Amount of Fees Sought:        **$2,307.76**

Amount of Expense Reimbursement Sought:        **$0.00**

This is an:   ___ Interim Application   _X_ Final Application

If this is not the first application filed herein by this professional, disclosure as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

## EXHIBIT 5

The amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $0.00.

Date: August 31, 2007          Applicant:  /s/ Richard J. Mason_____
          Richard J. Mason, Trustee

Richard J. Mason, P.C. (ARDC #01787659)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois  60601-1815
(312) 849-8100

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| BENJAMIN F. LEE AND | ) | CASE NO. 06 B 03371 |
| RUBY L. LEE, | | |
| | ) | |
| **Debtors.** | ) | HON. SUSAN PIERSON SONDERBY |

## TRUSTEE'S APPLICATION FOR COMPENSATION AND EXPENSES

TO:    THE HONORABLE SUSAN PIERSON SONDERBY,
BANKRUPTCY JUDGE

NOW COMES Richard J. Mason, Trustee herein, pursuant to 11 U.S.C. §330, and requests $2,307.76.

### I.    COMPUTATION OF COMPENSATION

Total Disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $15,577.75. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of first $5,000.00 | $1,250.00 | ($1,250.00 maximum) |
| 10% of next $45,000.00 | $1,057.76 | ($4,500.00 maximum) |
| 5% of next $950,000.00 | $0.00 | ($47,500.00 maximum) |
| 3% of balance | $0.00 | |
| TOTAL COMPENSATION | $2,307.76 | (See Exhibit 5a) |

### II.    TRUSTEE'S EXPENSES

| | |
|---|---|
| TOTAL EXPENSES | $0.00 |

### EXHIBIT 5

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code.  No payments have previously been made or promised in any capacity in connection with the above case.

Executed this 31st day of August, 2007.

/s/ Richard J. Mason
RICHARD J. MASON, Trustee
McGuireWoods LLP
77 West Wacker Drive
Suite # 4100
Chicago, IL  60601-1815
(312) 849-8100

\4731418.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
|  | ) |  |
| BENJAMIN F. LEE AND | ) | CASE NO. 06 B 03371 |
| RUBY L. LEE, | ) |  |
|  | ) |  |
| Debtors. | ) | HON. SUSAN PIERSON SONDERBY |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

(Appendix to Rule 5082-1)

Name of Applicant:  **McGuireWoods LLP  ("MW")**

Authorized to Provide
Professional Services to: **Trustee**

Date of Order Authorizing Employment: **December 20, 2006 (Retroactive as of December 11, 2006)**

Period for Which
Compensation is Sought:  From **December 11, 2006** through **Close of Case**

Amount of Fees Sought:          **$1,050.00**

Amount of Expense
Reimbursement Sought:          **$0.00**

This is an: ___ Interim Application   _X_ Final Application

If this is not the first application filed herein by this professional, disclosure as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

## EXHIBIT 6-i

The amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $0.00.

Date:  August 31, 2007

Applicant:  <u>MCGUIREWOODS LLP</u>

By:  <u>/s/ Richard J. Mason</u>

Richard J. Mason, P.C. (ARDC #01787659)
MCGUIREWOODS LLP
77 West Wacker Drive;  Suite # 4100
Chicago, Illinois  60601-1815
(312) 849-8100

\4731418.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| BENJAMIN F. LEE AND | ) | CASE NO. 06 B 03371 |
| RUBY L. LEE, | | |
| | ) | |
| Debtors. | ) | HON. SUSAN PIERSON SONDERBY |

## FINAL APPLICATION TO THE COURT
## OF MCGUIREWOODS LLP FOR ALLOWANCE OF COMPENSATION AND
## REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE TRUSTEE

McGuireWoods LLP ("MW"), counsel for Richard J. Mason, the trustee (the "Trustee") in the above-referenced Chapter 7 proceeding, requests the entry of an order for allowance of interim compensation in the amount of $1,050.00 and reimbursement of expenses of $0.00. In support thereof, MW respectfully states as follows:

### I. NARRATIVE SUMMARY

1.    On or about March 31, 2006, Benjamin F. Lee and Ruby L. Lee (the "Debtors") filed for protection under Chapter 7 of Title 11, United States Bankruptcy Code (the "Code").

2.    On or about December 20, 2006, the Trustee was authorized, by an order of this Court, to retain MW, to serve as his counsel in this case.

3.    For the convenience of this Court and other parties in interest, summary sheets disclosing additional information, including, but not limited to the following, are attached hereto and incorporated herein as Exhibit 6A-i:

      a.    Previous requests, if any, for fees and expenses herein;

      b.    Previous awards, if any, of fees and expenses herein;

c.    Disclosures related to professionals and para-professionals who have worked on this case;

d.    Calculations of both the blended rates of the attorneys involved in this case as well as a separate calculation of the blended rates of both attorneys and paraprofessionals; and

e.    Disclosures regarding the financial condition of this estate (the "Estate").

4.    The normal hourly rates charged by the principals, associates, and legal assistants of MW for the period covered by this application is as follows:

| Name | Rate |
| --- | --- |
| Michael M. Schmahl (associate) | $350.00 |

## II. CASE STATUS

5.    Professionals have been retained. MW is legal counsel for the Trustee and Abrams and Steinberg, is the accountant. To date, approximately $23,439.66 (net of disbursements at closing, including secured creditors) in funds have been recovered. This estate is ready to be closed.

## III. PROJECT SUMMARIES

6.    For the time period covered by this application MW provided a wide variety of legal services to the Trustee. The services which were performed by MW during such time period are categorized and described in detail on an itemized statement attached hereto and made part hereof as Exhibit 6A-ii. At the end of each category, there is a list for each attorney or paraprofessional who worked on that matter, the total number of hours spent on that matter, and the respective dollar value. The following is a statistical overview of the services performed by MW for which it seeks compensation which includes the approximate hours expended by MW

\4731418.1

for which it seeks compensation, the approximate value of those services and the amount of fees previously received by MW:

| Nature of Services | Approximate Hours | Value | Previous Hours | Fees Previously Received |
|---|---|---|---|---|
| 1.  Closing of Case | 3.00 | $1,050.00 | 0.00 | $0.00 |
| TOTAL | 3.00 | $1,050.00 | 0.00 | $0.00 |

7.      The following is a factual summary of the services provided and, in certain cases, the results achieved from on or about December 11, 2006 through the Close of Case.

a.      **Close of Case:**  In addition to the hours expended above, Michael M. Schmahl, an attorney for MW, estimates approximately 3.0 hours of time related to this category.  Work in this category includes, but is not limited to, preparation for and attendance at the Final Report Hearing.  Mr. Schmahl's normal hourly rate is $350.00.  Thus, MW seeks estimated fees for Closing of Case equal to $1,050.00.

8.      All the services referred to hereinabove were reasonably necessary to be performed in order that:

a.      The interest of the estate and its creditors be adequately represented and defended; and

b.      To maximize the recovery to this estate and its creditors.

## IV.  COMPUTATION OF COMPENSATION

9.      The services performed from December 11, 2006 through Close of Case, required a total time expenditure of 3.00 hours on the part of the principals, associates and legal assistants of MW.  The services for which MW is seeking compensation are set forth with particularity at Exhibit 6-ii .  Based on the nature, the extent and value the services for which MW is seeking

\4731418.1

compensation, the time spent on such services and cost of comparable services other than in the case under this title, such services have a value of not less than $1,050.000.

## V.  EXPENSES

10.     In addition, MW incurred certain reasonable necessary additional expenses during its representation of the Debtor in the amount of $0.00.

## VII.  CERTIFICATION

11.     MW certifies that the Trustee has received and reviewed this application for compensation and reimbursement of expenses.  MW also certifies that the Trustee has approved this application.

WHEREFORE, MW prays that an Order be entered respecting this application, after such notice and hearing as is required by the Court:

a.     Granting allowance of the final compensation to MW respecting services first requested in this Application in the amount of $1,050.00, and reimbursement of expenses to MW respecting expenses first requested in this Application in the amount of $0.00 (collectively, the "Current Allowance");

b.     Authorizing and directing the Trustee to pay the Current Allowance; and

\4731418.1

    c.      Granting such other and further relief as this Court deems just and

equitable.

Dated:  August 31, 2007

                                  Respectfully submitted,

                                  MCGUIREWOODS, LLP


                        By:   /s/ Richard J. Mason_____
                               One of its Attorneys

Richard J. Mason, P.C. (ARDC #01787659)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois  60601-1815
(312) 849-8100

\4731418.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 7 CASE** |
| | ) | |
| **BENJAMIN F. LEE AND** | ) | **CASE NO. 06 B 03371** |
| **RUBY L. LEE., .** | ) | |
| | ) | |
| **Debtors.** | ) | **HON. SUSAN PIERSON SONDERBY** |

**SUMMARY OF MCGUIREWOODS' FINAL FEE**
**APPLICATION AND ADDITIONAL DISCLOSURES**

1. Name of Applicant:                                McGuireWoods LLP

2. Role of Applicant:                                Counsel for the Trustee

3. Name of Certifying Professional:                  Richard J. Mason

4. Name of Person/Entity Reviewing Petition:         Richard J. Mason

5. Result of Petition Review:                        _X_ Approved          ___ Disapproved

6. Explanation of Disapproval:                       Not Applicable

7. Is Compensation Being Sought Pursuant to
   11 U.S.C. §503(b)?:                               _X_ Yes          ___ No

8. Terms of Employment:                              Hourly rates/11 U.S.C. §330, et seq. as per
                                                     court order

9. Promised Payment:                                 N/A

10. Source(s) of Compensation:                       Monetary recoveries of the Estate

11. Terms of any Retainer:                           N/A

12. Applicable caps on compensation or other
    charges:                                         N/A

13. Is compensation being sought less than 120
    days after the order for relief?:                ____ Yes     _X_ No

| 14. | Date and terms or order, if any, allowing shortened interval for fee petitions: | N/A |
|---|---|---|
| 15. | Date of Fee Application: | Final Report Hearing |
| 16. | Dates of Services Reimbursement Sought: | December 11, 2006 through and including the Close of Case |
| 17. | Total Gross Amount of Requested Professional Fees: | $1,050.00 |
| 18. | Remaining Non-Awarded Fee Retainer Received: | N/A |
| 19. | Remaining Non-Awarded Professional Fee Payments From Other Sources: | N/A |
| 20. | **TOTAL "NET" AMOUNT OF REQUESTED PROFESSIONAL FEE:** | **$1,050.00** |
| 21. | Total Gross Amount of Requested Reimbursement of Disbursements and Expenses (from Exhibit C): | $0.00 |
| 22. | Remaining Non-Awarded Cost Retainer Received: | N/A |
| 23. | Remaining Non-Awarded Other Cost Payments: | N/A |
| 24. | **TOTAL "NET" AMOUNT OF REQUESTED DISBURSEMENT:** | **$0.00** |
| 25. | **TOTAL NET REQUESTED AWARD (FEES & COSTS FOR THIS FEE APPLICATION):** | **$1,050.00** |

## CASE INFORMATION

| | | |
|---|---|---|
| 1. | Date Case Filed: | March 31, 2006 |
| 2. | Date of Order Approving Professional Employment: | December 20, 2006 |
| 3. | Date Services Commenced: | December 11, 2006 |
| 4. | Date(s) and Source(s) of Retainer: | N/A |
| 5. | Total Amount of Fee Retainer Received: | N/A |
| 6. | Total Amount of Cost Retainer Received: | N/A |
| 7. | Date of Disclosure of Compensation (FRBP 2016): | N/A |
| 8. | Date Plan Filed: | N/A |
| 9. | Date Disclosure Statement Filed: | N/A |
| 10. | Expected Date of Plan Filing: | N/A |
| 11. | Expected Date of Disclosure Statement Filing: | N/A |
| 12. | Have All Quarterly Fees Been Paid to the United States Trustee?: Explanation: | N/A |
| 13. | Have all monthly operating reports been filed?: Explanation: | N/A |
| 14. | Cash on Hand: | Approx. $15,577.55 |
| 15. | Unencumbered Funds on Hand: | Approx. $15,577.55 |
| 16. | Accrued Administrative Expenses: | $0.00 |
| | a.   Attorney Fees and Expenses: | $1,050.00 |

\4731418.1

b.    DIP Obligations:              $0.00

c.    Accountants Fees
      and Expenses:                 $0.00

d.    Requested Chapter
      7 Trustee Fee:                $0.00

e.    Chapter 11
      Trustee Fee:                  $0.00

f.    Other:                        $0.00

17.   Total Prior Interim Professional
      Fees Awarded:                                          $    0.00

18.   Total Prior Interim Expenses Awarded:                  $   0.00

19.   Total Professional Fee Payments From:

      Other Sources:                                         $ N/A

            a.    (Date: _____; $_____)
            b.    (Date: _____; $_____)

20.   Total Cost Payments From Other Sources:                $ N/A

            a.    (Date: _____; $_____)
            b.    (Date: _____; $_____)

\4731418.1

SUMMARY SHEET

In Re:

BENJAMIN F. LEE AND
RUBY L. LEE,

Debtors.

: 
: Chapter 7
: 
: Case
: No.: 06 B 03371
: 
: 

NAME OF APPLICANT: McGuire Woods LLP

ROLE IN THE CASE:  Counsel for the Trustee

| | | |
|---|---|---|
| Fees Previously Requested | $ 0.00 | |
| Fees Previously Awarded : | $ 0.00 | |
| Expenses Previously Requested | $ 0.00 | |
| Expenses Previously Awarded | $ 0.00 | |
| Retainer Paid | $ 0.00 | |

CURRENT APPLICATION
Fees Requested          $1,050.00
Expenses Requested    $     0.00

FEE APPLICATION

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Michael M. Schmahl | 2001 | 3.00 | $350.00 | $ 1,050.00 |
| **PARAPROFESSIONALS AND DOCKET CLERKS** | | | | |
| **TOTAL** | | 3.00 | | $ 1,050.00 |

**TOTAL BLENDED HOURLY RATE** $350.00
(Excluding Paraprofessionals and Docket Clerks)
**TOTAL BLENDED RATE**              $350.00

\47314 18.1

**EXHIBIT 7**

## PROFESSIONAL FEES AND EXPENSES

|  | Fees/Expenses Previously Allowed | Fees/Expenses Pending Compensation Applications | Fees/Expenses Total |
|---|---|---|---|
| Trustee's Attorneys (McGuireWoods LLP) | $0.00 | $1,050.00 | $1,050.00 |
| Trustee (Richard J. Mason) | $0.00 | $2,307.76 | $2,307.76 |
| **TOTALS** | **$0.00** | **$3,087.76** | **$3,087.76** |

**EXHIBIT 7**

Active\3632889.1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION
219 S. DEARBORN ST., CHICAGO, IL  60604

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| BENJAMIN F. LEE AND RUBY L. LEE, | ) | CASE NO. 06 B 03371 |
| | ) | |
| Debtors. | ) | HON. SUSAN PIERSON SONDERBY |

**NOTICE OF TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS
FOR COMPENSATION, (AND HEARING ON THE ABANDONMENT**

To the Debtor(s), Creditors, and other Parties in Interest:

1.      NOTICE IS HEREBY GIVEN that the Trustee's Final Report has been filed and a hearing will be
held

| At: | United States Bankruptcy Court 219 South Dearborn Street Chicago, Illinois |
|---|---|
| On: | At: |

2.      The hearing will be held for the purpose of examining the Trustee's Final Report, ruling on any
objections to the Final Report, ruling on applications for compensation and expenses, and
transacting such other business as may be properly noticed before the Court.  ATTENDANCE BY
THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3.      The Trustee's Final Report shows total:

| Receipts | $15,577.55 |
|---|---|
| Disbursements | $      0.00 |
| Net Cash Available for Distribution | $15,577.55 |

4.      Applications and Claims for Chapter 7 Fees and Administrative Expenses have been filed as
follows:

| Applicant | Compensation and Expenses Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| Richard J. Mason (Trustee Fees) | $ 0.00 | $2,307.76 | $ 0.00 |
| McGuireWoods LLP (Trustee's Attorney Fees) | $ 0.00 | $1,050.00 | $0.00 |

5.      Applications for Chapter 11 Fees and Administrative expenses previously approved by order of
this Court:        $0.00

6.      In addition to the expenses of administration listed above as may be allowed by the Court, priority
wage claims totaling $ 0.00 and priority tax claims totaling $ 0.00 must be paid in full for there to
be any dividend to general unsecured creditors.  The wage claim priority dividend is anticipated to
be 0.00% and the tax claim priority dividend is anticipated to be 0.00%.

\4771758.1

Allowed priority wage claims are as follows:

None.

Allowed priority tax claims are as follows:

None.

7.  Claims of general unsecured creditors totaling $7,818.62 have been allowed and will be paid only after all allowed administrative and priority claims have been paid in full.  The general unsecured dividend is anticipated to be 100% and the proposed distribution is as follows:

| Claim Number | Creditor | Allowed Amount | Dividend |
|---|---|---|---|
| 1 | Regional Acceptance | $7,818.62 | $7,818.62 |

8.  Proposed dividends are approximations.  Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

9.  The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 So. Dearborn Street, 7th Floor, Chicago, Illinois    60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*.  If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

10.  Debtor has been discharged.

11.  The Trustee proposes to abandon the following property at the hearing:  None.

Dated:  August 31, 2007                                        For the Court,


By:  KENNETH S. GARDNER
     Kenneth S. Gardner
     Clerk of the U.S. Bankruptcy Court
     219 So. Dearborn Street; 7th Floor
     Chicago, IL  60604


Trustee:      Richard J. Mason, P.C.
Address:      McGuireWoods LLP
              77 West Wacker Drive
              Suite # 4100
              Chicago, IL  60601-1815
(312) 750-8694

\4771758.1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION
### 219 S. DEARBORN ST., CHICAGO, IL  60604

IN RE:                                    )   **CHAPTER 7 CASE**
BENJAMIN F. LEE AND                       )
RUBY L. LEE,                              )   **CASE NO. 06 B 03371**
                                          )
                    Debtors.              )   **HON. SUSAN PIERSON SONDERBY**

## ORDER AWARDING COMPENSATION AND EXPENSES

THIS MATTER BEING HEARD on the Trustee's final requests for the allowance of fees and expenses of administration of fees and expenses of administration, notice having been given and the Court being duly advised:

IT IS HEREBY ORDERED that the Trustee's final requests for the allowance of fees and expenses are allowed as follows;

| | | |
|---|---|---|
| 1. | Trustee's compensation | $2,307.76 |
| 2. | Trustee's expenses | $0.00 |
| | TOTAL | $2,307.76 |

IT IS FURTHER ORDERED that the below professionals may retain the amounts previously awarded and the current requests for compensation and expenses are allowed as follows:

1.   Attorney for the Trustee

    a. Compensation                       $1,050.00

    b. Expenses                           $0.00

    TOTAL FOR TRUSTEE'S ATTORNEYS         $1,050.00

2.   Accountants for the Trustee

    a. Compensation                       $0.00

    b. Expenses                           $0.00

    TOTAL FOR TRUSTEE'S ACCOUNTANT        $0.00

**IT IS FURTHER ORDERED** that the Trustee is authorized and directed to pay the allowances listed above after the Trustee's Distribution Report is filed with the Clerk of the bankruptcy Court.

DATED THIS _____ DAY OF _____ 2007.


ENTERED:_____
               HON. SUSAN PIERSON SONDERBY
               UNITED STATES BANKRUPTCY JUDGE